## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

NORFOLK TRANSMISSION      )
MUFFLER SERVICE, INC.      )
         )     CASE NO.: 8:16-cv-00489
      Plaintiff,      )
         )
vs.          )
         )
OWNERS INSURANCE COMPANY,      )
         )
      Defendant.      )
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Norfolk Transmission & Muffler Service, Inc. ("Plaintiff"), by its attorney Merlin Law Group, P.A., for its Amended Complaint against Defendant, Owners Insurance Company ("Defendant") states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     This is an action for Breach of Contract and bad faith.

2.     This Court has subject matter and personal jurisdiction over the parties to this cause of action.

3.     A cause of action exists under Nebraska law for claims regarding the conduct complained of herein.

4.     Jurisdiction is proper as to Defendant pursuant to 28 U.S. Code § 1332 because diversity exists between the parties and the amount in controversy exceeds $75,000.00.

5.     Venue is proper in this Jurisdiction.

## FACTS COMMON TO ALL COUNTS

6.      Defendant issued insurance policy number 144620-37913914-14 to Plaintiff, with effective dates of January 27, 2014 to January 27, 2015, that provided coverage for the property located at 1001 South 13th Street, Norfolk, Nebraska 68701.  A copy of the policy is attached as **Exhibit "1."**

7.      The policy is an all-risks policy.

8.      The policy covers damages resulting from hail.

9.      The policy covers damages resulting from wind.

10.     The policy covers ensuing interior water damages through an opening created by wind and/or hail.

11.     The policy covers direct physical damage caused by hail.

12.     The policy covers direct physical damage caused by wind.

13.     The policy does not include a Hail Cosmetic Damage limiting endorsement.

14.     The policy includes replacement cost coverage.

15.     The policy includes code upgrade coverage.

16.     The policy does not include an endorsement limiting recovery for damages caused by wind or hail.

17.     On or about, June 3, 2014, Plaintiff incurred direct physical loss due to hailstorm ("the loss") to its property.  Damages resulting from the hailstorm, whether caused by hail and/or wind are covered under the policy.

18.     On July 2, 2014, the subject locations were inspected by Defendant.

19.     Defendant refused to acknowledge the extent and severity of the damage.

2

20.     Specifically, Plaintiff's property suffered storm created openings from this event that Defendant is ignoring.

21.     The intended purpose of the roofing system has been compromised.

22.     Despite Plaintiff's efforts to patch the roofing system in multiple areas, Plaintiff's roof continues to have problems.

23.     As a result of the event, Plaintiff has suffered interior water damages.

24.     Despite the severe damage, Defendant has failed to pay what is owed.

25.     Plaintiff timely reported its claim to Defendant.

26.     Plaintiff complied with all post-loss conditions under the policy.

27.     Defendant's failure to pay owed insurance benefits to the Plaintiff after a direct physical loss occurred is a breach of the contract of insurance.

## COUNT I: BREACH OF CONTRACT

28.     Plaintiff reincorporates and restates allegations set forth in paragraphs 1-27 above by this reference.

29.     Pursuant to the policy, Defendant has a contractual obligation to pay the full amount of the loss, including the cost to repair, restore, and/or replace the damaged property, less applicable deductibles.

30.     Defendant breached the policy by failing to pay Plaintiff all benefits due and owing under the policy.

31.     Defendant has inspected this property and estimated that only $27,425.28 in Replacement Cost benefits are owed to Plaintiff for all damages incurred at the property, which is insufficient in order to properly remediate the loss.

32.     Plaintiff retained a certified meteorologist, a licensed an engineer, and an insurance estimator to review Defendant's coverage decision.

33.     Mr. Altshule with Forensic Weather Consultants, performed an in-depth weather analysis and forensic weather investigation in order to determine what the weather conditions were on June 3, 2014 at the loss location.  Mr. Altshule identified baseball sized hail (2.75" in diameter) and wind gusts up to 60 MPH.  A copy of Mr. Altshule's report is attached as **Exhibit "2."**

34.     Mr. Greg Kaszas with GRK Consulting Engineers, Inc. performed a site inspection on June 30, 2016.

35.     GRK Consulting Engineers, Inc. concluded that the property's roofing suffered direct physical damage.  Further, the damages incurred to the roofing system rises to the level of functional hail damage and should not be considered superficial or cosmetic in nature.

36.     GRK Consulting Engineers, Inc. also concluded that the damages warrant a full roof replacement.  A copy of GRK Consulting Engineers, Inc.'s report is attached as **Exhibit "3."**

37.     Plaintiff retained Mr. Max Bray with Claims Review Group to review GRK Consulting Engineers, Inc.'s findings and provide a repair estimate.

38.     Claims Review Group performed a site inspection on August 9, 2016.

39.     After the inspection of damage, it is in the professional opinion of Claims Review Group that the Replacement Cost Value amount of the loss is $245,773.04 and the Actual Cash Value amount of the loss is $229,459.57.  A copy of Claims Review Group's estimate is attached as **Exhibit "4."**

4

40.   On or about October 10, 2016, Plaintiff provided Defendant with the aforementioned reports.

41.   Defendant did not request a reinspection of the property.

42.   Defendant did not request to meet with Plaintiff's retained professionals to discuss the loss.

43.   Defendant failed to adequately respond to Plaintiff's correspondence.

44.   Defendant did not request a recorded statement with its insured.

45.   Defendant did not request an examination under oath of its insured.

46.   Prior to Plaintiff retaining legal counsel, Plaintiff requested that the parties participate in Appraisal to resolve the dispute over the amount of loss.

47.   On January 28, 2016, Defendant rejected Plaintiff's request for Appraisal.

WHEREFORE, Plaintiff, Norfolk Transmission & Muffler Service, Inc., respectfully requests that the Court enter judgment in favor of Plaintiff, Norfolk Transmission & Muffler Service, against Defendant, Owners Insurance Company, in the amount of $245,773.04, minus any prior payment and applicable deductibles.  Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II: BAD FAITH

48.   Plaintiff reincorporates and restates allegations set forth in paragraphs 1-47 above by this reference.

49.   Defendant wrote and sold the policy purchased by the Plaintiff intending to provide benefits for covered losses such as hail and wind storms.

50.     Plaintiff paid insurance premiums to bind the policy.

51.     Under the policy, Defendant owes Plaintiff the duty of good faith and fair dealing to fully and fairly adjust Plaintiff's claims.

52.     Defendant has the obligation to treat Plaintiff fairly.

53.     Defendant has the obligation to retain competent adjusters to adjust Plaintiff's claim.

54.     Defendant has the obligation to place Plaintiff's financial interests at least equal to Defendant's financial interests.

55.     Defendant has the obligation to retain unbiased engineers.

56.     Defendant has the obligation to ensure Defendant's retained engineers apply the proper standards as defined by the policy.

57.     Defendant has the obligation to properly apply the terms of the policy to Plaintiff's loss.

58.     Defendant has the obligation to pay for the interior water damages to Plaintiff's property as a result of this loss.

59.     Defendant has the obligation to consider any all information provided to Defendant by Plaintiff and/or Plaintiff's representatives during the adjustment of Plaintiff's loss.

60.     Defendant breached its duties by:

a.     conducting incomplete, inadequate, and/or outcome-oriented investigations into the loss in order to avoid paying all benefits due, including ignoring interior water damages resulting from the leaking roof as a result of this storm;

6

b. refusing to consider Plaintiff's professionals' report regarding the loss;

c. misleading Plaintiff as to the terms, conditions, and coverage under the policy for the loss;

d. retaining outcome oriented experts that routinely deny claims for Defendant,

e. denying coverage, delaying payment, refusing to pay, and failing to pay for the repairs and line items set forth herein as a matter of course, rather than as a result of fully and fairly investigating the losses;

f. refusing Plaintiff's request to go to Appraisal to resolve the dispute over the amount of loss;

g. retaining and engineering firm, Donan Engineering, that applied a damage standard that does not exist under the terms and conditions of the policy. Specifically, Donan Engineering applied the following definition for damage, "[h]ail damage to EPDM membrane roofs can be define[d] as an identifiable mark of distress caused by hail that has measurably reduced the integrity or functionality of the overall roof covering, where the roof covering was sound prior to the hail impact." and

h. despite Donan Engineering's imputed definition for covered damage, the roofing system suffered "functional" damage as evidenced by the leaks that formed after the loss.

61. Defendant knew or recklessly disregarded the fact that there was no reasonable basis for engaging in the conduct alleged in Paragraph 60.

7

62.     Defendant's denial of Plaintiff's claim caused Plaintiff financial distress and pecuniary loss.

63.     Defendant knew or should have known that that its decision to deny Plaintiff's claim in part or in whole would cause Plaintiff financial distress and pecuniary loss.

64.     Defendant's breach of its covenant of good faith and fair dealing amounts to bad faith breach of the insurance contract, causing Plaintiff to incur injuries, damages, and losses in amounts to be determined at trial.

WHEREFORE, Plaintiff, Norfolk Transmission & Muffler Service, Inc., respectfully requests that the Court enter judgment in favor of Plaintiff, Norfolk Transmission & Muffler Service, against Defendant, Owners Insurance Company, in the amount of $245,773.04, minus any prior payment and applicable deductibles.  Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

By: _____

Larry E. Bache, Jr.
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone:   (813) 229-1000
Facsimile:   (813) 229-3692
Email: lbache@merlinlawgroup.com

8