# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NORFOLK TRANSMISSION & MUFFLER SERVICE, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**OWNERS INSURANCE COMPANY,**<br><br>Defendant. | **8:16CV489**<br><br>**AMENDED ORDER SETTING SCHEDULE FOR PROGRESSION OF CASE** |

This matter is before the Court on Defendant's Amended Motion to Extend Deadlines. (Filing No. 35.) Upon consideration,

**IT IS ORDERED** that Defendant's Amended Motion to Extend Deadlines (Filing No. 35) is granted as set forth below:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **December 8, 2017**. *See* NECivR 56.1 and NECivR 7.1.

2. **Discovery Deadlines:**

    a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **November 20, 2017**.

3. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses and serve expert reports by **September 20, 2017**. Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and serve expert reports by **October 20, 2017**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **November 3, 2017**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Motions in Limine.** Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

**December 8, 2017**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

5. **Mediation and Settlement.** The parties have advised the Court that they plan to mediate this dispute. **No later than August 29, 2017**, the parties shall file a joint report with the Court advising as to when the mediation will occur. If mediation is unsuccessful, the Court will schedule another planning conference to set additional case progression deadlines and set this matter for trial. **The Clerk of Court is directed to set a case management deadline in this case using the following text: "August 29, 2017: Status Report Due."**

6. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

7. Defendant's Motion to Extend Written Discovery Deadline and Expert Disclosure Deadline ([Filing No. 33](Filing No. 33)) is denied as moot.

Dated this 27th day of June, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge