IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORFOLK TRANSMISSION & MUFFLER SERVICE, INC., | ) ) ) | CASE NO. 8:16-CV-489 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **PROTECTIVE ORDER** |
| OWNERS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

Pursuant to the parties' Joint Stipulation for Entry of Protective Order (Filing No. 43),

**IT IS HEREBY ORDERED as follows:**

1. Defendant anticipates that documents or information may be requested in this matter which contains or consists of valuable trade secrets and other proprietary or personal information (hereafter "Confidential Information"). Any documents produced or information provided by Defendant pursuant to or in response to any discovery request may be designated by Defendant as "confidential" in the following manners:

   a. By physically imprinting the words "8:16-CV-489: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" by Bates stamp or watermark on every page of any document produced.

   b. By physically electronically imprinting the words "8:16-CV-489: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" by Bates stamp or watermark on every page of any document produced.

   c. By imprinting the words "8:16-CV-489: CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" next to or above any Answer to any Interrogatory or any other written discovery response.

d. With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and label them as "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER."

e. Such portions of any deposition transcript that are to be designated as confidential, shall but designated as such on the record when possible, but a party may also designate portions of the deposition within thirty (30) days after the date of final transcription.

2. All documents and information provided by Defendant in response to a discovery request or deposition testimony designated as "confidential" shall be subject to the following restrictions:

a. Such documents or information shall be used only for the purpose of the litigation in this matter and not for any business or other purposes.

b. Such documents or information shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

   i. The attorneys of record and persons employed by them, including court reporters and/or vendors the attorneys utilize for litigation support;

   ii. Outside experts who have, prior to disclosure, agreed to be bound by the terms of this Protective Order;

   iii. Plaintiff or Defendant and their officers, employees, or agents, including insurers, who need to be informed for purposes of this litigation;

   iv. The Court and Court personnel; and

  v. Such other persons as the Court may specifically approve after notice and hearing.

c. That all information designated as "confidential" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent Order of the Court.

d. No Confidential Information shall be further disclosed to anyone except those categories of persons provided herein who have signed a Nondisclosure Agreement in the form attached hereto and to whom disclosure is necessary for the purposes associated with this lawsuit. The parties' counsel of record, and other persons or entities retained to assist in this lawsuit who have signed a Non-disclosure Agreement, shall appropriately notify such persons or entities that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

e. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity, or government agency unless authorized by Defendant or Order of the Court.

f. Individuals authorized to review Confidential Information pursuant to this Protective Order shall also maintain any Confidential Information in a secure

area and exercise due care with respect to storage, security, custody, and use of the information.

g. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

h. There shall be no reproductions of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

i. The parties shall file all Confidential Information under seal. The filing party shall include a notice to the Court and other parties that the document filed contains "Confidential" or "Protected Material."

3. Pursuant to Federal Rule of Evidence 502(d), if any information is disclosed or produced, whether inadvertently or otherwise, which is protected by attorney-client privilege, work product doctrine, or any other protection or immunity from discovery in this, or any subsequent state or Federal proceeding, such disclosure or production shall not be deemed to be a waiver of the protected status. If any party becomes aware of the production or disclosure of such protected information by Auto Owners Insurance, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

4. Upon final termination of this action, including all appeals, all confidential documents and any other confidential information which was provided in discovery, including

any copies; excerpts; or summaries, except items which constitute attorney work product (as defined by applicable law; that have been prepared from or have utilized such information by a party, its counsel, or other persons or entities retained to assist such party in this litigation, shall be returned to the producing party or destroyed by counsel within thirty (30) days of the conclusion of the case. If the parties elect destruction, the destroying party shall provide an affidavit confirming destruction.

5. Upon final termination of this action, including all appeals, the obligations of the parties delineated in this Protective Order shall survive and continue to bind the parties and their counsel and the Court shall have continuing jurisdiction to enforce this Protective Order.

DATED this 12th day of September, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Court Judge

# NON-DISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of *Norfolk Transmission & Muffler Service, Inc., v. Owners Insurance Company*, Case No. 8:16-CV-489, which is pending in the United States District Court for the District of Nebraska. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____